IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MELVIN TUCKER, | ) | CASE NO. 1:17 CV 572 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| U.S. BANK N.A., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Melvin Tucker filed the above-captioned action against U.S. Bank, N.A. ("U.S. Bank") and the law firm of Manley, Deas, Kochalski, LLC ("MDK"). In the Complaint, Plaintiff challenges a mortgage that was the subject of a foreclosure action filed by U.S. Bank in the Cuyahoga County Court of Common Pleas in 2012. Judgment in that action was rendered in favor of U.S. Bank in August 2013. He asserts claims under 42 U.S.C. §§ 1983 and 1985, 18 U.S.C. §§ 241 and 242, and includes claims for mail fraud, intentional infliction of emotional distress, and malicious abuse of process. He seeks title to the foreclosed property, free and clear of all encumbrances, and monetary damages in the amount of $2,800,000.00.

Defendant MDK filed a Motion to Dismiss under Federal Civil Procedure Rule 12(b)(6). (ECF No. 5). For the reasons stated below, the Motion is granted. Furthermore, this Court lacks

subject matter jurisdiction over the foreclosure action and the remaining claims for damages lack an arguable basis in law and are no longer open for discussion. This action is dismissed.

## Factual and Procedural Background

Plaintiff's Complaint is difficult to decipher because it is composed largely of meaningless legal rhetoric, random case citations, and citations to the Uniform Commercial Code. It appears Plaintiff executed a promissory note in the amount of $172,000.00 in 1999 in favor of Alliance Funding, a division of Superior Bank. The note was secured by a mortgage on the real property located at 5141 Austen Lane, Richmond Heights, Ohio 44143. Superior Bank failed, and the FDIC executed an allonge in favor of Lasalle Bank. The FDIC filed an assignment of mortgage on March 21, 2002. Lasalle Bank merged into Bank of America. U.S. Bank succeeded Bank of America as the holder of the mortgage.

Plaintiff defaulted on the note and U.S. Bank filed a foreclosure action against Plaintiff in the Cuyahoga County Court of Common Pleas on January 11, 2013. *See U.S. Bank National Association v. Tucker*, Case No. CV-13-799402 (Cuyahoga Cty Ct. Comm. Pl. filed Jan. 11, 2013). Plaintiff appeared *pro se* filed an answer and asserted affirmative defenses, including that U.S. Bank lacked standing to pursue the foreclosure. On June 19, 2013, the Magistrate granted U.S. Bank's Motion for Summary Judgement finding that the bank had standing to file the foreclosure, and the FDIC had authority to transfer the note and the mortgage. The Common Pleas Court Judge adopted the Magistrate's decision granting a judgment of foreclosure to U.S. Bank on August 6, 2013.

Plaintiff appealed that decision on December 27, 2013. He filed a second Notice of Appeal on January 15, 2014. Both appeals were dismissed as untimely.

The property was scheduled for sheriff's sale on October 7, 2013. Plaintiff filed his first Bankruptcy on October 4, 2013, staying the sale. The Bankruptcy was dismissed on February 24, 2014 because Plaintiff did not fund the plan. U.S. Bank notified the Common Pleas Court that the automatic stay had been lifted, and the property was listed for sale on July 21, 2014. On July 17, 2014, Plaintiff filed a second Bankruptcy, staying the sale. The Bankruptcy was dismissed on December 1, 2014 because Plaintiff did not fund the plan. U.S. Bank notified the Common Pleas Court that the automatic stay had been lifted, and the property was listed for sale on February 9, 2015. Plaintiff filed his third Bankruptcy on February 5, 2015. The Bankruptcy was dismissed on May 26, 2015 and U.S. Bank notified the Common Pleas Court that the automatic stay had been lifted. The property was listed for sheriff's sale on November 9, 2015. On November 7, 2015, Plaintiff filed his fourth Bankruptcy. The Bankruptcy was dismissed on May 5, 2016 on the Trustee's Motion to Dismiss the Case with Sanctions. U.S. Bank notified the Common Pleas Court that the automatic stay had been lifted. The property was set for sheriff's sale on May 31, 2016.

At this point, Plaintiff filed a third appeal and asked the court to stay the sheriff's sale pending the appeal. The court granted the Motion to Stay. The appeal was dismissed on October 5, 2016 because Plaintiff failed to file an appellate brief.

The property was scheduled for sheriff's sale on April 3, 2017. On March 20, 2017, Plaintiff filed this action, believing he was removing the case to federal court. He, however, did not follow the procedure for removal and instead, filed a new civil action in this court. Plaintiff asked the Common Pleas Court to take notice of the removal and stay the proceedings but the court informed

him that the matter was not removed and the sale was still proceeding. Plaintiff responded by filing a fifth Bankruptcy on April 2, 2017. That Bankruptcy is still pending.

In this action, Plaintiff challenges the validity of the note and mortgage. He contends the procedure to purchase the secured property was fraudulent. He states an unknown monetary amount was acquired by his blue ink signature on the promissory note. He indicates the "pirates actually created funds obtained by [his] signature on the promissory note." (ECF No. 1 at Page ID #: 3). He claims the property was put in his name before the lien was put on the title, but he did not obtain any money in the course of the transaction. He reasons that the note is therefore unconstitutional and void. He asserts claims for "denial of rights, privileges, and immunities" under 42 U.S.C. § 1983 and contends the Defendants conspired to sell his property, depriving him of equal protection under 42 U.S.C. § 1985. He contends the sheriff is not in possession of a valid court order and therefore the Defendants conspired to deprive him of constitutional rights under 18 U.S.C. §§ 241 and 242 when they scheduled the property for the sheriff's sale. His remaining claims of fraud, intentional infliction of emotional distress and abuse of process arise, if at all, under state law. He seeks monetary damages and title to the property free and clear of any encumbrances.

MDK filed a Motion to Dismiss pursuant to Federal Civil Procedure Rule 12(b)(6) asserting Plaintiff's claims are barred by *res judicata*. They contend the Common Pleas Court necessarily decided that the promissory note and mortgage were valid, and that Plaintiff owed the remaining balance of the note which was secured by the real property. The court ordered the real property to be sold in satisfaction of the amount of the foreclosure judgment. As a result, *res judicata* bars relitigation of those issues in federal court. In addition, MDK contends the claims asserted in the

Complaint lack merit. They assert that there is no private right of action under 18 U.S.C. §§ 241 and 242, none of the Defendants are state actors under 42 U.S.C. § 1983 and Plaintiff has not alleged a race-based conspiracy under §1985. Finally, they assert Plaintiff did not establish supplemental jurisdiction for his state law claims.

### Standard of Review

A Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a Defendant to test the legal sufficiency of the Complaint without being subject to discovery. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (clarifying the legal standard for a Rule 12(b)(6) Motion to Dismiss); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (same). In evaluating a Motion to Dismiss, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the Plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a Motion to Dismiss, a Complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Twombly*, 550 U.S. at 564. That is, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the Complaint are true. *Id.* at 555. The Supreme Court in *Iqbal* clarified the plausibility standard outlined in *Twombly* by stating that "[a] claim has facial plausibility when the

Plaintiff pleads content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Additionally, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id.* Making this determination is "a context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id.* On a Motion brought under Rule 12(b)(6), the Court's inquiry is limited to the content of the Complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the Complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

In addition, while the Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold it to a less stringent standard than one drafted by an attorney, *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). Plaintiff's Complaint meets this standard for dismissal.

## Discussion

As an initial matter, a party to a state court action cannot file another action in federal court to relitigate matters that were already decided in the state court proceedings. Federal Courts must give the same preclusive effect to a state-court judgment as the state would give that judgment. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). In other words, if Ohio courts would bar Plaintiff from filing a new civil action to relitigate issues and claims pertaining to the foreclosure of the mortgage on his property, he cannot file that same case in federal court and bypass the state's procedural bar. The Court must apply Ohio's law of preclusion to determine whether the claims Plaintiff asserts in this action are barred by the prior state court foreclosure judgment. *Migra v. Warren City School District Board of Educ.*, 465 U.S. 75, 81 (1984).

In Ohio, the doctrine of *res judicata* encompasses the two related concepts of claim preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St. 3d. 386, 392 (2008). "Claim preclusion prevents subsequent actions, by the same parties or their privies, based on any claim arising out of a transaction that was the subject matter of a previous action." *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382 (1995). Claim preclusion also bars subsequent actions whose claims "could have been litigated in the previous suit." *Id.* By contrast, issue preclusion, or collateral estoppel, prevents the "relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies," even if the causes of action differ. *Id.*

In this case, claim preclusion and issue preclusion bar relitigation of the claims Plaintiff asserts in this Complaint. The parties in this action are the same as the parties in the foreclosure action filed in the Cuyahoga County Court of Common Pleas. This Complaint concerns the validity of the mortgage and the foreclosure proceedings, which arise out of the transaction that was the subject matter of the state court action. Plaintiff's claims therefore could have been litigated in that action. Moreover, the state courts already decided that the foreclosure was proper, and issued judgment in favor of U.S. Bank. This Court must give full faith and credit to that judgment. Plaintiff is barred from relitigating these matters in federal court.

In addition, the statute of limitations for Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985 expired. Ohio's two year statute of limitations for bodily injury applies to § 1983 and § 1985 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097 (6th Cir. 1995). The date on which the statute of limitations begins to run in a § 1983 action is a question of federal law. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Ordinarily, the limitations period starts to run "when the Plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* at 273. In determining when the cause of action accrues in § 1983 actions, the Court must look "to what event should have alerted the typical lay person to protect his or her rights." *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991).

Here, Plaintiff claims the property was put in his name before the lien was put on the title, but he did not obtain any money in the course of the transaction. He reasons that the note is therefore unconstitutional and void. The note was signed by Plaintiff in 1999. While he attempts to creatively claim he did not physically handle the money from the purchase of the real property in question, the

amount of the loan was paid on his behalf to the seller of the property, allowing Plaintiff to purchase the property subject to the security interest of the mortgage. He defaulted on the loan ten years later in 2009. Four years after the default, in 2013, U.S. Bank filed the foreclosure action. Plaintiff was aware that he did not physically handle the money in the purchase of the real estate in 1999. At the very least, he was aware of that fact in 2013, when the foreclosure was filed. This action was filed in 2017, well beyond the statute of limitations for filing claims under § 1983 or § 1985 pertaining to the real estate purchase transaction.

Furthermore, none of the Defendants is subject to suit under 42 U.S.C. § 1983. To establish a *prima facie* case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. All of the Defendants are private parties, not government officials or entities. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). Filing a foreclosure action is not an action traditionally reserved to a state. Merely being a participant in litigation does not make a private party a co-conspirator or joint actor with the state. *Dennis v. Sparks*, 449 U.S. 24, 28 (1980).

Plaintiff also fails to state a claim under 42 U.S.C. § 1985. To establish a violation of § 1985, Plaintiff must allege that the Defendants conspired together for the purpose of depriving him of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or other class-based discriminatory animus. *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999). Plaintiff does not allege any facts to suggest that any of the Defendants conspired together to deprive him of his right to equal protection of the law or that their actions were in any way motivated by his race or membership in a protected class.

Plaintiff lacks standing to bring claims under 18 U.S.C. §§ 241 and 242. These are criminal statutes which provide no private right of action. *Booth v. Henson*, No. 06-1738, 2008 WL 4093498, at *1 (6th Cir. Sept. 5, 2008); *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994).

Finally, even if they were not barred by *res judicata*, this Court lacks subject matter jurisdiction over Plaintiff's remaining claims. These claims arise, if at all under state law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id.* Plaintiff's federal law claims have been dismissed. This Court declines jurisdiction to hear his state law claims.

## Conclusion

Accordingly, Defendant's Motion to Dismiss (ECF No. 5) is granted. In addition, this action is "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion," and is dismissed for lack of subject matter jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: April 20, 2017

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.